## WISE-BUCHANAN COAL CO. v. HOWARD et al.

No. 21907.    Opinion Filed July 7, 1931.

J. W. Hinton and G. L. Bynum, for petitioner.

Anton Koch, for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the Industrial Commission. The award, omitting the caption, is as follows:

"Now, on this 13th day of October, 1930, the State Industrial Commission being regularly in session, this cause comes on for consideration, pursuant to hearing had July 1, 1930, and subsequent hearings at Henryetta and Oklahoma City, July 2, 1930, and September 4, 1930, respectively, before Inspector McConville, at which hearings claimant appeared in person and by his attorney, Anton Koch, the respondent being represented by Jim Hinton and G. L. Bynum.

"Having reviewed all the testimony taken at said hearing, examined all records on file in said cause, and being otherwise well and sufficiently advised in the premises, the Commission finds:

"(1)   That the claimant, Aaron Howard, sustained an accidental injury on January 13, 1930, arising out of and in the course of his employment with the respondent, Wise & Buchanan Coal Company.

"(2)   That as result of said aforementioned accidental injury, claimant was temporarily disabled from January 13, 1930, to April 18, 1930, being 13 weeks beyond the five-days waiting period, at $18 per week, amounting to $234, all of which has heretofore been paid.

"(3)   That claimant's average daily wage at the time of aforementioned accidental injury was $5 per day.

"(4)   That by reason of said accidental injury, the claimant has sustained a 20 per cent. total permanent disability as result of

the accidental injury sustained by him on January 13, 1930.

"The Commission is of the opinion: On consideration of the aforegoing facts, that the claimant is entitled to total permanent compensation of 20 per cent. which, at the rate of $18 for 100 weeks, amounts to the sum of $1,800, 26 weeks of which is now due, figured from April 18, 1930, to October 17, 1930; in the amount of $234, the balance of $1,566 of the award to be paid in weekly payments of $18 until the full amount shall have been paid.

"It is therefore ordered: That within 15 days from the date of this order, the respondent, Wise-Buchanan Coal Company, or their insurance carrier, pay the claimant herein 100 weeks, permanent total compensation at $18 per week, amounting to $1,800, 26 weeks of which is due at this time in amount of $468, the balance of $1,566 to be paid in weekly amounts of $18 until the full award shall have been paid; that the temporary total compensation has heretofore been paid, by reason of aforementioned injury.

"It is further ordered: That within 30 days from this date, the respondent file with the Commission receipts or other proper report evidencing compliance with the terms of this order.
"McC:G

"Order by Chairman Doyle,

"Commissioner McElroy, concurring."

Complaint is made in the brief and the petition that the award was made without a transcript of the evidence being first made. The evidence was taken by Inspector McConville in the state of Oklahoma at hearings at Henryetta and Oklahoma City, and taken down by a stenographer.

The statute regulating the procedure before the Commission and the inspector is section 7316, C. O. S., 1921, and is as follows:

"7316. Hearings — When Held — Court Power. Any investigation, inquiry, or hearing with (which) the Commission is authorized to hold or undertake, may be held or taken at any place in the state by or before any Commissioner and the award, decision or order of a Commissioner, when approved and confirmed by the Commission, and ordered filed in its office, shall be deemed to be the award, decision, or order of the Commission. Each Commissioner shall, for the purpose of this act, have power to administer oaths, certify to official acts, take depositions, issue subpoenas, compel the attendance of witnesses, and the production of books, accounts, papers, records, documents, and testimony. The Commission may authorize any inspector to conduct any such investigation, inquiry, or hearing, in which

case he shall have the power of a Commissioner in respect thereof."

The Industrial Commission is but an administrative board, and the purpose of the Legislature in providing for testimony to be taken before an inspector undoubtedly was to expedite hearings, so that awards might be made to the deserving at as early a time as possible.

The jurisdiction of the Commission is a continuing one, and any party aggrieved, on the grounds of a change in condition, may at any time apply for a change in the award. There is complaint made that the award was not supported by sufficient evidence. It was admitted that the injury sustained by the claimant below was a crushing of the body in the region of the chest, resulting in five ribs being broken, four on one side and one on the other side. Two doctors, whose qualifications were admitted, testified to 65 per cent. of total disability.

The injury occurred as a result of some one in the coal mine turning loose a coal car that ran against the trip that the claimant was working with, causing him to be jammed. He was confined to the hospital for several weeks, and the accident occurred on the 13th of January, 1930. His testimony at the time of the last hearing, which was on September 4, 1930, was that he was still unable to work. An X-ray at that time, and the report of the director of the X-ray laboratory, can be found on page 116 of the transcript, and is as follows:

"Osler X-Ray & Clinical Laboratory.
"1200 North Walker.
"Dr. Ralph E. Myers, Director.
"Sept. 3rd, 1930.

"Patient: Aaron Howard.

"Doctor: C. R. Rountree. Office: Osler Building.

"Roentgen examination:

"Of pelvis (A. P. view) and thoracic and lumbar spine (both lateral and A. P. views) fails to reveal any evidence of a fracture of any of the vertebrae. The bodies of the fourth and fifth lumbar vertebrae have a rather peculiar shape, evidently congenital. Also, there is some tendency to lipping on the lower anterior margin of the body of the fourth lumbar vertebra. There is no evidence of arthritic changes in any of the joints between the lumbar and thoracic vertebra or in the lumbo-sacral or sacro-iliac articulations.

"There is evidence of old fractures of the 11th and 12th ribs, right side. The 11th rib was fractured about 2 inches lateral to its point of articulation with the spine and the

12th rib a little farther out. Union has taken place with no marked deformity.

"Diagnosis: 1. Old fractures of the 11th and 12th ribs, right side. 2. Thoracic and lumbar spine and pelvis negative, except for slight lipping in lower lumbar spine.

"(Signed) Ralph E. Myers."

Another X-ray and physician's examination can be found at page 119 of the transcript. The first X-ray report and the report of Dr. Simpson, with reference to his examination on June 26, 1930, appears to have been taken with reference to the entire body framework where the party was injured, that is, the ribs and backbone. The last X-ray seems to have been confined largely to the backbone, according to the statement of Dr. Rountree, who testified concerning it and his examination of the claimant.

There is some conflict between the testimony of Dr. Rountree and of Doctors Simpson and Saddler as to the extent of the injuries, and there is still sharper conflict between the testimony of Dr. Bollinger and Doctors Simpson and Saddler as to the extent of the injuries.

The Commission found only a 20 per cent. total disability. An examination of the entire testimony indicates that the Commission was not out of line in so doing, and that there was ample competent evidence to sustain the finding. We are not authorized to consider which way the preponderance is in this case. Suffice it to say that two doctors, who qualified as experts and examined the claimant, and considered X-ray pictures taken with reference to the ribs and backbone and the entire framework, as well as the testimony of the claimant himself, clearly supported the finding of the Commission.

We think that the award should not be disturbed. The petition for review is therefore denied, and cause remanded, with directions to carry out the award.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.